UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.L. ODINSON CROWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. BEELER,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01724-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)<br><br>(ECF No. 25)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO CALENDAR MOTION<br><br>(ECF No. 31) |

　　　　Plaintiff F.L. Odinson Crowell ("Plaintiff") is state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are (1) Plaintiff's motion for leave to amend his complaint, (ECF No. 25); and (2) Plaintiff's request to calendar the motion for leave to amend, (ECF No. 31). For the reasons discussed below, both motions are denied.

**I.　　Background**

　　　　This action has been pending since November 3, 2014. (ECF No. 1.) On that date, Plaintiff filed a complaint, through counsel, against Defendant Beeler for the failure to provide a reasonable disability accommodation. On January 5, 2015, Defendant Beeler answered the complaint. (ECF No. 7.)

1

Shortly thereafter, on February 12, 2015, Plaintiff's counsel, William L. Schmidt, sought to withdraw as counsel of record and Plaintiff sought to be restored to his pro per status. (ECF No. 10.) The next day, on February 13, 2015, the Court approved Mr. Schmidt's withdrawal and restored Plaintiff to his pro per status. (ECF No. 11.) Several months later, on July 2, 2015, new counsel, Julia M. Young, appeared for Plaintiff, (ECF No. 22), and on that same date the Court approved Ms. Young's substitution as the attorney of record in place of Plaintiff proceeding pro se, (ECF No. 23).

On August 17, 2015, Plaintiff, through his new counsel, filed a motion for leave to amend his complaint, (ECF No. 25), along with a first amended complaint, (ECF No. 24). In the motion, Plaintiff explained that since obtaining new counsel, he had been working with her to address his concerns with the original complaint. (ECF No. 25, pp. 1-2.) The first amended complaint seeks to add three new defendants and additional claims and allegations. (Id. at 2.)

On September 22, 2015, Defendant Beeler filed an opposition to Plaintiff's motion, (ECF No. 28), and on October 28, 2015, Plaintiff filed a reply in support of his motion, (ECF No. 30). Defendant Beeler filed an objection to Plaintiff's reply, requesting that the Court not consider that brief. (ECF No. 32.) Plaintiff responded to the objection, (ECF No. 33), Defendant Beeler filed a supplemental reply, (ECF No. 35).

Also, on October 29, 2015, Plaintiff filed a request that his motion for leave to amend be calendared for hearing on November 20, 2015 at 9:00 a.m. (ECF No. 31.) In the motion, Plaintiff explains that due to an oversight by his counsel, he failed to request a date for a hearing on his motion when it was filed. (Id.)

Having carefully reviewed and considered both of Plaintiff's motions and all associated filings, the Court is now ready to rule.

**II.   Discussion**

    **A.   Plaintiff's Reply in Support of His Motion for Leave to Amend**

Before addressing the substance of Plaintiff's motion for leave to amend, the Court must first address Defendant Beeler's objection to Plaintiff's reply brief in support of that motion. (ECF No. 32.) In the objection, Defendant Beeler argues that the Court should not consider Plaintiff's reply because it is untimely, based on Local Rule 230(l). That provision of the Local Rules concerns motions "filed

2

1  in actions wherein one party is incarcerated and proceeding in propria persona" and states that with
2  respect to such motions that "[t]he moving party may, not more than seven (7) days after the
3  opposition has been filed in CM/ECF, serve and file a reply to the opposition." Local Rule 230(l).
4  Defendant Beeler notes that Plaintiff's reply in support of his motion for leave to amend was filed on
5  October 28, 2015, more than seven days after the September 22, 2015 opposition was filed in
6  CM/ECF. As Plaintiff sought no extension nor provided any explanation for the late filing of his reply,
7  Defendant argues it should not be considered by the Court since it was untimely filed.

8        Plaintiff argues that the seven-day deadline provided for by Local Rule 230(l) is not applicable
9  to this matter because he is represented by counsel. (ECF No. 33.) In response, Defendant Beeler
10 argues that to the extent Plaintiff contends that Local Rule 230(l) does not apply to him, he still has not
11 complied with the applicable local rules and court orders. (ECF No. 35.) Defendant Beeler notes that
12 the portions of Local Rule 230 which generally apply to civil motions require that the moving party
13 notice the motion for hearing, and ensure that it be set for hearing not less than twenty-eight (28) days
14 after it was served and filed. (Id. at 2 (citing Local Rule 230(b).) The moving party's reply to any
15 opposition would then be due no less than seven (7) days before the date of the hearing. Local Rule
16 230(d). Noting that Plaintiff has now made a belated request to calendar the motion well after the
17 August 17, 2015 deadline to amend the pleadings in this matter, and months after it was served and
18 filed, Defendant Beeler argues that no matter which provisions of the local rules apply, Plaintiff has
19 not complied with them. (Id.)

20       The Court would be within its discretion to strike Plaintiff's reply brief for being untimely. See
21 Leong v. Potter, 347 F.3d 1117, 1125 (9th Cir. 2003) (district court did not abuse discretion by striking
22 a late-filed supplemental brief); see also, Broden v. Marin Humane Society, No. C 97–0008 SBA,
23 1997 WL 818587, at *3 (N.D. Cal. Nov. 14, 1997) ("[P]laintiff filed his response almost three weeks
24 beyond the Court-ordered deadline, without leave of Court or any explanation for its untimeliness.
25 Thus, . . . the Court, in its discretion, strikes plaintiff's untimely [opposition] brief . . . ."). Although
26 Local Rule 230(l) does state that it applies to matters in which a party is an inmate proceeding pro per,
27 this Court's general practice is to apply that rule to matters in which an inmate is represented by
28 counsel. Plaintiff did not object to the imposition of the deadlines provided in that rule's provision, or

attempt to have other provisions applied to him, until well after the deadline for filing his reply brief passed and after Defendant Beeler objected to the Court's consideration of Plaintiff's reply brief. And as Defendant Beeler correctly argues, Plaintiff did not otherwise comply with the provisions of the Local Rules he wishes to have applied to him, and gives no reason or explanation for his failure to comply.

Nonetheless, out of an abundance of caution and in an effort to conserve judicial resources, the Court exercises its discretion in favor of Plaintiff and considers his reply brief. See Lutz v. Delano Union Sch. Dist., 2009 WL 2525760, *3 n. 2 (E.D. Cal. Aug. 7, 2009) ("A district court has discretion to consider an untimely opposition brief.") (citations omitted). Since the Court shall fully consider all the submissions and arguments here, the parties should be able to avoid any further briefing or motions on this matter.

**B.    Proposed First Amended Complaint**

Plaintiff's original complaint alleged that he is an inmate at the California Substance Abuse and Treatment Facility ("CSATF") who was diagnosed with an enlarged prostate and suffers from Paruresis or Bashful Bladder Syndrome. (ECF No. 1.) He was required to provide a urine sample for drug testing purposes and requested several accommodations. However, Defendant Beeler, a custody staff sergeant at CSATF, denied Plaintiff's requests. As a result, on or about January 18, 2014, he was forced to provide a urine sample that took over 70 minutes to complete and resulted in pain, mental anguish, and other injuries. Plaintiff claimed that Defendant Beeler violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 794 et seq., by failing to provide a reasonable disability accommodation to him. (Id. at ¶¶ 27-33.)

Plaintiff's first amended complaint seeks to add new defendants and new allegations. (ECF No. 24.) Specifically, he seeks to add as parties W. Kokor, M.D. and Anthony Enenmoh, M.D., medical doctors employed at CSATF; and Jeffrey Beard, Ph.D., the Secretary of the California Department of Corrections and Rehabilitations. He also seeks to add additional claims under the Americans with Disabilities Act and the Rehabilitation Act, and for civil rights violations pursuant to 42 U.S.C. §§ 1983, 1988.

///

### 1. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Ninth Circuit has summarized the following relevant factors from Foman v. Davis, 371 U.S. 178 (1962), for district courts to consider when determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opponent. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.1984). These factors are not given equal weight; rather, the consideration of prejudice is given the greatest weight. Eminence Capital, LLC, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (citing Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir.1997)).

### 2. Analysis

Defendant Beeler raises different issues in opposing Plaintiff's motion for leave to add claims against her than in opposing the addition of the new proposed defendants. As a result, the Court will separately consider the Forman factors in relation to Defendant Beeler from the new proposed defendants.

#### a. Defendant Beeler

In the proposed amended complaint, Plaintiff seeks to add a claim against Defendant Beeler under 42 U.S.C. § 1983 for a civil rights violation based on his "extreme pain and humiliation at having to provide random urinalysis tests" rather than being granted a disability accommodation. (ECF No. 24, ¶ 41.) Defendant Beeler argues that this proposed amendment is futile because Plaintiff failed to allege sufficient facts to state a cognizable § 1983 claim against her.[1] (ECF No. 28, p. 4.) "[L]eave to amend will not be granted where an amendment would be futile." Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1010 (9th Cir. 2008).

---

[1] In Defendant Beeler's opposition's introduction, she also states that allowing the amendment would prejudice her, (ECF No. 28, p. 1), but in the section of her opposition discussing prejudice, she only discusses prejudice resulting to the new proposed defendants and not to herself, (Id. at 7.)

5

The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006). A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle v. Gamble, 429 U.S. 97, 105–106, 97 S. Ct. 285, 291-92, 50 L.Ed.2d 251 (1976)). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff does not allege facts showing that Defendant Beeler knew of and deliberately disregarded any excessive risk to his health or safety. He alleges that on or about January 18, 2014, when he was demanded to provide a urine sample by another correctional staff member, Officer H. Perez, he informed Officer Perez and Defendant Beeler that he would have "physical difficulty" producing the urine sample due to his condition. (ECF No. 24, ¶¶ 25-26.) There is no indication that Defendant Beeler was made aware that requiring Plaintiff to provide the urine sample despite his condition would result in significant harm to him. See Mulligan v. Kenney, No. C09-842RSL-MAT, 2010 WL 101535, at *3 (W.D. Wash. Jan. 7, 2010) (inmate with paruresis failed to demonstrate sufficiently serious Eighth Amendment concerns by failing to show that the lack of accommodating his condition would result in significant injury); see also Brammer v. Northrup, No. 06-cv-6520 CJS, 2010 WL 681296, at *3 (W.D.N.Y. Feb. 24, 2010) (allegations of failure to accommodate inmate's paruresis or "shy bladder syndrome" in providing a urine sample not sufficient to violate Eighth

6

Amendment because at most the defendant nurse practitioner was negligent, and because condition was not objectively sufficiently serious). Although Plaintiff would have preferred a different urinalysis testing procedure, Defendant Beeler's "alleged refusal to prescribe a different form of drug testing does not show any deliberate indifference to any serious medical need of Plaintiff." Arnett v. Shojaie, No. CV 10-6814-JAK E, 2011 WL 5434417, at *12 (C.D. Cal. Nov. 8, 2011); see also Chapman v. Raemisch, No. 05-C-1254, 2009 WL 425813, at *6 (E.D. Wisc. Feb. 20, 2009) (prison officials did not violate constitution by offering inmate a urine testing procedure that he disagreed with). As a result, Plaintiff's motion for leave to amend his complaint to add this claim against Defendant Beeler is denied due to the futility of that amendment.

### b.  Proposed New Defendants Kokor, Enenmoh, and Beard

Defendant Beeler raises several arguments against adding the proposed new defendants. Drs. Kokor and Enenmoh and Secretary Beard. Given the applicable legal standard, the Court first considers whether prejudice will result from allowing Plaintiff to amend his complaint to add these parties and the claims against them.

Defendant Beeler argues that prejudice would result from the addition of new parties and claims at this stage due to the significant delay in the resolution of this case and the need for "a wholesale modification" of the discovery and scheduling deadlines in this matter. (ECF No. 28, p. 7.) Under the former Discovery and Scheduling order, (ECF No. 13), several deadlines passed or were set to soon pass at the time Plaintiff filed his motion for leave to amend his complaint.[2] The deadline for filing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies passed on May 17, 2015, three months before Plaintiff sought leave to amend his complaint. Also, Plaintiff filed his motion on the last day of the deadline to amend the pleadings, and he did not file his reply brief in support of that motion until after the deadline to complete discovery had passed.

Allowing Plaintiff to amend his complaint at this stage to add new claims and parties will require the reopening of discovery and extension of all of the previously discussed deadlines, as well

---

[2]  On October 30, 2015, the Court vacated the former Discovery and Scheduling Order in this case on Defendant Beeler's unopposed motion, so that it could order new discovery and motion deadlines pending the outcome of Plaintiff's motion for leave to amend. (ECF No. 34.)

7

as an extension for the upcoming deadline for dispositive motions. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citing Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998)).

Plaintiff argues that the proposed new defendants will not be prejudiced by his proposed amended complaint "since it involves the same facts and circumstances" at issue in the original complaint. (ECF No. 30, p. 2.) The Court disagrees. Plaintiff's original complaint specifically alleged that his "claims arise out of a single event that occurred on or about January 18, 2014, in Corcoran, Kings County, California," (ECF No. 1 ¶1.), and his allegations in that pleading centered on that incident. The amended complaint, however, adds allegations regarding Plaintiff's later interactions with Dr. Kokor on or about February 6, 2014, (ECF No. 24 ¶ 9), and interactions with Dr. Enenmoh sometime "after Plaintiff spoke with Dr. Kokor," (Id. ¶ 11). Plaintiff also adds allegations against Secretary Jeffrey Beard regarding challenges to that official's alleged involvement in the development of the rules and regulations concerning the standardized mandatory random urinalysis testing of inmates. (Id. at ¶¶ 14-16.) These are not the same facts and circumstances underlying Plaintiff's claim against Defendant Beeler based on the events of January 18, 2014. Instead, potentially significant additional discovery would need to be conducted regarding these new parties and the allegations concerning them the proposed amended complaint.

Moreover, Plaintiff does not explain his delay in filing an amendment complaint to add allegations and claims he should have known about before the original complaint was filed. This is not a case in which Plaintiff learned of additional claims or necessary parties during discovery and attempted to amend his complaint to add them before the expiration of the deadline to amend the pleadings. Instead, Plaintiff admitted in his motion for leave to amend that the additional defendants and claims he seeks to add "should have been added at the onset" of his case. (ECF No. 25, p. 4.) Nevertheless, over nine months passed between the filing of the original complaint and Plaintiff's proposed amended complaint. Plaintiff offers no reasons or explanations for the delay.

Plaintiff does reference in his briefs the discharge of his original counsel and hiring of a new attorney, and his work with new counsel on amending his complaint upon her retention, but offers no

explanation for why he did not attempt to amend his complaint for the several months in between the termination of his original counsel and retention of his new counsel. Plaintiff also argues in his reply brief that he attempted to meet and confer on this matter with Defendant Beeler, and attaches emails between his counsel and Defendant Beeler's counsel from August 12, 2015. (ECF No. 30, p. 3; 8/12/2015 emails, ECF No. 30-6.) Plaintiff's counsel sent these emails a mere five days before the deadline to amend the pleadings was set to pass, and did not make clear what extension Plaintiff was seeking and why. Plaintiff's counsel only generally referred to extending all deadlines under the scheduling order because "issues have come up." (ECF No. 30-6, p. 3.) This does not show diligence by Plaintiff in amending his complaint or notifying the proposed new defendants of his intent to bring them into this suit, and they are prejudiced by the delay in being added to this suit nearly a year after it began. The Court does not find bad faith here, but does find that the delay is undue and prejudicial.

Finally, with regard to futility, Defendant Beeler argues that Plaintiff's proposed amendment is futile because he has failed to state cognizable claims against the proposed new defendants. (ECF No. 28, pp. 3-5.) With respect to Plaintiff's first claim for relief for failure to provide a reasonable accommodation under the Americans with Disabilities Act and Rehabilitation Act, his allegations are only directed against Defendant Beeler, and thus state no claims against the proposed defendants. In his reply brief, Plaintiff states that he intended the first claim for relief to also be stated against Drs. Kokor and Enenmoh, but he "concedes that it was not specifically stated in the first amended complaint." (ECF No. 30, p. 3.) With no allegations stated against them in his first claim for relief, Drs. Kokor and Enenmoh could have no notice of Plaintiff's unstated intent to bring those claims against them.

Plaintiff also does not state any § 1983 claim against Drs. Kokor or Enenmoh. With regard to Dr. Kokor, Plaintiff alleges that on or about February 6, 2014 he spoke with that doctor about his medical condition and his issues with the mandatory urinalysis testing, but the doctor refused to discuss the situation and "dismissed the matter as trivial." (ECF No. 24 ¶ 9.) With regard to Dr. Enenmoh, Plaintiff alleges that he also spoke with that doctor about his "situation" after speaking with Dr. Kokor, and was "met with the same response." (Id. at ¶ 11.) These allegations are insufficient to state any Eighth Amendment deliberate indifference claim []. See, e.g., Brammer, 2010 WL 681296,

9

1  at *3; Arnett, 2011 WL 5434417, at *12.

2     Plaintiff also has not stated any § 1983 claim against Secretary Beard. He states in his
3  proposed amended complaint that Secretary Beard was responsible for the rules and regulations
4  involving the standardized mandatory random urinalysis testing of inmates in California, but Secretary
5  Beard did not take into account inmates who cannot provide a urine sample on demand for medical or
6  psychological reasons. (ECF No. 24 ¶¶ 14-16.) To state a claim against a defendant under § 1983 for a
7  policy decision, Plaintiff must show that the defendant promulgated or "implemented a policy so
8  deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
9  constitutional violation.' " Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v.
10 Belt, 828 F.2d 298, 304 (5th Cir. 1987)). Here, although Plaintiff made some conclusory statements
11 that Secretary Beard created the rules and regulations was responsible for the policies he complains
12 about, he pleaded no facts showing that the proposed defendant was actually and directly involved in
13 implementing or promulgating those policies. He refers to some notices of proposed regulations
14 attached to his reply brief that discuss a California Department of Correction and Rehabilitation
15 Secretary's involvement in developing procedures regarding inmate urinalysis drug testing, but these
16 documents were not attached to the amended complaint, there are no references to them in the
17 amended complaint, and they do not specify that Secretary Beard was the participant in question. Nor
18 has Plaintiff alleged facts showing the rules and regulations are a repudiation of any constitutionally
19 protected rights, or that they were the moving force of one or more constitutional violations against
20 him. Based on the foregoing, the proposed amendment to add claims in this complaint against Drs.
21 Kokor and Enenmoh and Secretary Beard should also be denied due to the futility of the amendment.

22    Plaintiff also argues that the proposed amended complaint is futile because Plaintiff has not
23 exhausted his administrative remedies against Drs. Kokor and Enenmoh, and Secretary Beard. (ECF
24 No. 28, pp. 5-6.) The Court is reluctant to make a finding on exhaustion at this point without full
25 briefing on this issue. Nevertheless, Plaintiff has devoted a few brief statements on this issue in his
26 reply brief, stating that certain attachments to his reply show exhaustion of his administrative remedies
27 against Drs. Kokor and Enenmoh. (ECF No. 30, p. 6.) Thus, he appears to concede he has not
28 exhausted such remedies against Secretary Beard. Also, contrary to Plaintiff's assertions, the

documents he cites to do not appear to show he has fully exhausted his claims against Drs. Kokor and Enenmoh. (ECF No. 30-1, 30-2). This, the Court's finding of futility here would appear to be further bolstered by the apparent lack of exhaustion of Plaintiff's administrative remedies against these proposed defendants.

For the foregoing reasons, Plaintiff's motion for leave to amend his complaint to add as defendants Drs. Kokor and Enenmoh and Secretary Beard is also denied.

### III.     Plaintiff's Request to Calendar Motion For Leave to Amend

In Plaintiff's October 29, 2015 motion, he requests a date for hearing on this motion for leave to amend his complaint, and that it specifically be calendared for November 20, 2015. As the Court has decided the motion on the papers, pursuant to its usual procedures, this request is now moot, and is denied.

### IV.     Conclusion and Order

For the reasons explained above, it is HEREBY ORDERED as follows:

1.     Plaintiff's motion for leave to file an amended complaint, filed on August 17, 2015 (ECF No. 25), is DENIED, with prejudice;

2.     Plaintiff's request to calendar the motion for leave to amend, filed on October 29, 2015 (ECF No 31), is DENIED as moot; and

3.     The Court shall issue a separate amended discovery and scheduling order for the completion of discovery and the filing of dispositive motions in this matter.

IT IS SO ORDERED.

Dated:   **November 19, 2015**            /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE